UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NANCY SUZOR, and
DAVID SUZOR,

    *Plaintiffs,*                        CASE NO. 14-CV-11167

*v.*                                       DISTRICT JUDGE THOMAS L. LUDINGTON
                                         MAGISTRATE JUDGE PATRICIA T. MORRIS

GREEN TREE SERVICING, LLC,
AND BANK OF AMERICA, N.A.,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT GREEN TREE SERVICING, LLC'S MOTION TO DISMISS**
(Doc. 5)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 5) be **GRANTED**. In addition, it is **further recommended** that the **case be dismissed in its entirety**, i.e., that **Defendant Bank of America, N.A., be** *sua sponte* **dismissed.**

**II.    REPORT**

    **A.    Introduction**

This mortgage foreclosure action was initially filed in the Roscommon County Circuit Court, State of Michigan, on February 28, 2014. The case was removed to this Court on March 19, 2014, by Defendant Green Tree Servicing, LLC ("Green Tree"). (Doc. 1.)

The case was referred by United States District Judge Thomas L. Ludington to the undersigned magistrate judge for general case management on May 9, 2014. (Doc. 7.)

On April 14, 2014, Defendant Green Tree filed the instant motion to dismiss. (Doc. 5.) Plaintiffs, although represented by counsel, have not responded to the motion. Oral argument was held in this matter on June 5, 2014 and counsel for Green Tree and Plaintiffs presented arguments. Accordingly, the motion is ready for report and recommendation.

### B. Factual Background

Plaintiffs' property is commonly known as 2928 West Nestle Road, Prudenville, Michigan, 48651. (the "property"). (Doc. 1 at 2; Doc. 5 at 8.) On August 8, 2002, Plaintiffs entered into the subject mortgage and promissory note with the Bank in the amount of $144,000. (Doc. 1 at 2, Ex. 1; Doc. 5 at 8.) The servicing rights for the mortgage were assigned to Green Tree on June 10, 2013. (*Id.*)

Plaintiffs defaulted, foreclosure by advertisement proceedings were commenced and publication was made in the Houghton Lake Resorter and the Roscommon County Herald-News for four consecutive weeks beginning on August 16, 2012, and a notice was posted to the property on August 26, 2012. (Doc. 5 at 8, Ex. A.) The sale date was adjourned from September 12, 2012, to August 30, 2013, with weekly notices of adjournment posted at the place of sale pursuant to Mich. Comp. Laws § 600.3220. (Doc. 5 at 8, Ex. B.) Defendant Green Tree purchased the property at a sheriff's sale on August 30, 2013, and recorded the deed. (Doc. 5 at 8, Ex. A.) On September 4, 2013, Green Tree conveyed its interest in the property to Fannie Mae, subject to Plaintiffs' statutory right of redemption. (Doc. 5 at 8, Ex. C.) The redemption period expired on February 28, 2014. (Doc. 5 at 8, Ex. A.)

Plaintiffs do not dispute that they defaulted on the mortgage loan, they also concede that the foreclosure process was proper. In addition, Plaintiffs do not dispute the fact that they never attempted to redeem the property.

### C.  The Complaint

The complaint alleges that attorneys for Defendant Bank of America, N.A. ("Bank") began "attempting to collect on the debt of the loan mortgage (loan #20410316)" on January 18, 2013. (Doc. 1 at 13.) The Bank assigned the servicing of the loan to Defendant Green Tree on June 10, 2013, but Plaintiffs were not made aware of the assignment until September 14, 2013, via a letter from Defendant Green Tree. (*Id.*) Plaintiffs aver that they "have been corresponding with the attorneys for the Bank as well as Green Tree to explore a loan modification or any other program that would allow them to keep their house." (*Id.*) Plaintiffs allege that they "have been advised that the Bank foreclosed by advertisement and that a sheriff's sale has occurred" but that they "were not made aware of the foreclosure of the sheriff's sale as no notice was posted on the property as required by law." (Doc. 1 at 13-14.) Plaintiffs further allege that the "Bank had initiated foreclosure proceedings against Plaintiffs, upon information and belief, prior to any alleged servicing assignment to Green Tree." (Doc. 1 at 14.) Plaintiffs also allege that they were "advised" that their "file is under review for a loan modification" on January 30, 2014 and February 10, 2014. (*Id.*)

Plaintiffs aver that "[a]lthough Bank claims to have foreclosed and sold the property, their appointed servicing agent is claiming that a loan modification is still possible[,]" that "Plaintiffs are confused and have been frustrated by these communications" and that these communications constitute "fraud" since Defendants "made statements intending that the Plaintiffs would rely on

3

them" and that they "did rely on those statements." (*Id.*) Plaintiffs further aver that they "were deprived of the opportunity to pay any balance owed and prevent the home from going to sheriff sale" and that "[d]efects in the foreclosure process necessitate setting aside the foreclosure by law." (*Id.*) Plaintiffs seek "the opportunity to redeem the sale price through a loan modification[,]" to "equitable and declaratory relief to set aside the foreclosure of Plaintiffs' property and declare the sheriff's sale void *ab initio*[,]" and an award of actual, statutory, and exemplary damages, along with attorney fees and costs. (Doc. 1 at 15.)

### D. Motion Standards

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. " *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise

4

a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

  **E.** **Analysis & Conclusions**

  **1.** **Standing Under Michigan law**

  **a.** **Governing Standards**

Under Michigan law, "[w]hen the redemption period expires, the purchaser of a sheriff's deed is vested with 'all the right, title, and interest' in the property." *Carmack v. Bank of New York Mellon*, No. 12-cv-11669, 2012 WL 2389863, at *2 (E.D. Mich. June 25, 2012) (citing Mich. Comp. Laws § 600.3236). "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity."

*Overton v. Mortgage Elec. Reg. Sys.*, No. 07-725429, 2009 WL 1507342, at *1 (Mich. Ct. App. 2009).

The Michigan Court of Appeals has affirmed the holding in *Overton* even where, as here, the plaintiff filed suit before expiration of the redemption period. *Awad v. General Motors Accept. Corp.*, No. 302692, 2012 WL 1415166, at *3 (Mich. Ct. App. 2012). The court reiterated that "[u]pon the expiration of the redemption period, [plaintiff] lost all right, title, and interest in the property and therefore, lost her standing to sue." *Id.*; *accord Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012); *Kumar v. U.S. Bank Nat'l Ass'n,* No. 12-cv-12624, 2013 WL 783999, at *2 (E.D. Mich. Mar. 1, 2013); *Costell v. Bank of New York Mellon*, No. 12-cv-15063, 2013 WL 317746, at *3 (E.D. Mich. Jan. 28, 20130) ("The commencement of legal proceedings prior to the expiration of the redemption period does not preserve a mortgagor's standing to challenge the foreclosure sale"); *Allor v. Federal Home Loan Mort. Corp.*, No. 12-12290, 2012 WL 5265738, at *2 (E.D. Mich. Oct. 24, 2012); *Sylvester v. Fannie Mae*, No. 12-13186, 2012 WL 4694348, at *2 (E.D. Mich. Oct. 3, 2012) ("that Plaintiff filed her suit before the redemption period expired does nothing to advance her claims"); *Chungag v. Wells Fargo Bank, N.A.*, No. 12-11073, 2012 WL 1945483, at *4 (E.D. Mich. May 30, 2012); *Duff v. Federal Nat'l Mort. Ass'n,* No. 11-cv-12474, 2012 WL 692120, at *3 (E.D. Mich. Feb. 29, 2012); *Luster v. Mortgage Elec. Reg. Sys.,* No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012).[1]

---

[1] *But see Ahmad v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 818, 823-24 (E.D. Mich. Mar. 19, 2012) (disagreeing with cases finding that plaintiffs lack standing after redemption period expires because plaintiffs are the last owner and possessor of the property and often remain in possession of the property notwithstanding any sheriff's sale, which should satisfy the injury-in-fact requirements for standing, but ultimately concluding that the "court does not need to resolve Plaintiffs' standing . . . because, even assuming they have such standing, their claims are still subject to dismissal . . . ."); and *Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 WL 1050069, at *3-4 (E.D. Mich. 2012).

The Sixth Circuit has held in several unpublished decisions that the Michigan "holdings 'do[] not turn on [the] standing doctrine[]'" but that it is "more accurate to say that the 'fraud or irregularity' claims in *Overton, Awad,* and *Mission of Love* lacked sufficient merit to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *El-Seblani v. Indymac Mort. Servs.*, 510 F. App'x 425, 429-30 (6th Cir. 2013) (citing *Houston v. U.S. Bank Home Mort. Wisc. Serv.*, No. 11-2444, 2012 WL 5869918, at * 4 (6th Cir. Nov. 20, 2012)). The high standard referred to by the Sixth Circuit is "whether [the plaintiff] made a sufficient showing of 'fraud or irregularity' in connection with the sheriff's sale of his home to 'undo the divestment of [his] property.'" *El-Seblani*, 2013 WL 69226, at *4; *Houston*, 2012 WL 5869918, at *5.

More recently, the Sixth Circuit has explained in a published opinion that "[w]hether the failure to make this showing is best classified as a standing issue or a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period." *Conlin v. MERS*, 714 F.3d 355, 359-60 (6th Cir. 2013). Finally, the Sixth Circuit has emphasized that any alleged fraud or irregularity "'must relate to the foreclosure procedure itself.'" *Conlin*, 714 F.3d at 360 (citation omitted).

**b.     Application**

Here, the only defect or irregularity implicitly cited by Plaintiffs is the allegation that they were denied a loan modification even though Defendant Green Tree told them that their file was "under review" for a possible loan modification, which confused them. (Doc. 1 at 14-15.)

I suggest that none of Plaintiffs' allegations establish a defect or irregularity in the foreclosure process sufficient to provide standing under Michigan law to have the foreclosure set aside after the lapse of the redemption period. Plaintiffs have not challenged the fact that they defaulted, that foreclosure by advertisement proceedings were properly commenced, that

7

Defendant Green Tree purchased the subject property on August 30, 2013, and that no attempts at redemption were made by Plaintiffs during the statutory redemption period of six months, i.e., through February 28, 2013. Plaintiffs instead rely on the fact that they were simultaneously lead to believe that the possibility of a loan modification was being considered by Defendant. However, even under HAMP, there is "no duty on [a] mortgage lender to modify [a] mortgage even if the borrower meets modification requirements." *Duff v. Federal Nat'l Mort. Ass'n*, No. 2:11-cv-12474, 2012 WL 692120, at *5 (E.D. Mich. Feb. 29, 2012); *accord Dixon v. Wells Fargo Bank, NA*, No. 12-10174, 2012 WL 4450502, at *9 (E.D. Mich. Sept. 25, 2012). Therefore, a failure to provide a loan modification does not create a defect or irregularity in the foreclosure process that would allow the foreclosure to be set aside. *See Fannie Mae v. Mandry*, No. 12-13236, 2013 WL 687056, at *7-8 (E.D. Mich. Feb. 26, 2013).

### 2. Prejudice Under Michigan Law

I further suggest that even if there had been a defect or irregularity in the notice of the foreclosure or the foreclosure proceeding itself, any such defect would have rendered the foreclosure voidable and not void. *See Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 118, 825 N.W.2d 329 (2012) ("we hold that defects or irregularities in a foreclosure proceeding result in a foreclosure sale that is voidable, not void *ab initio*"); *Jackson Inv. Corp. v. Pittsfield Prod., Inc.*, 162 Mich. App. 750, 755, 413 N.W.2d 99, 101 (1987) ("A defect in notice renders a foreclosure sale voidable and not void."); *Mitan v. Fed. Home Loan Mort. Corp.*, 703 F.3d 949, 952 (6th Cir. 2012) ("Notice defects render a foreclosure voidable."). Since the sale is voidable, plaintiffs "must show that they were prejudiced by defendant's failure to comply with MCL 600.3204," i.e., "that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim*, 493 Mich. at 118.

Federal case law has consistently held that where plaintiffs have admitted default, received notice of default, failed to show they had the funds to outbid the highest bidder at the sale, let alone pay the entire unpaid balance owing on the loan, and showed no attempt to redeem the property, they cannot show how any alleged defects in the notice prejudiced them. *See, e.g., Harrison v. Bank of America, N.A.,* No. 12-cv-12281, 2013 WL 440163, at *4 (E.D. Mich. Jan 17, 2013); *Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11-14100, 2012 WL 1902916, at *6 (E.D. Mich. May 25, 2012); *Piccirilli v. Wells Fargo Bank, N.A.*, No. 2:11-cv-10264, 2012 WL 1094333, at *7 (E.D. Mich. Mar. 30, 2012); *Caillouette v. Wells Fargo Bank, N.A.*, No. 11-cv-10204, 2012 WL 1033498, at *8 (E.D. Mich. Mar. 27, 2012).

I suggest that Plaintiffs in the instant case suffer from the same failure: they have not sufficiently alleged prejudice. Here, Plaintiffs have not challenged the fact that they defaulted on the loan, nor have they alleged that they ever attempted to redeem the property, and they have not alleged that they had sufficient funds to outbid the highest bidder at the sale, let alone pay off the entire loan. Thus, even if they could show some defect, I suggest that they cannot show prejudice and cannot receive the relief they request. I therefore suggest that Defendant's motion to dismiss be granted based on Plaintiff's lack of standing (or failure to meet the requirements of fraud or irregularity) and failure to aver the prejudice necessary to render any defect or irregularity voidable.

### 3. Merits of Plaintiffs' Fraud Claim

Even if Plaintiffs have standing, I suggest that they have not stated a claim upon which relief could be granted. I therefore suggest that Defendant's motion to dismiss should be granted on the merits.

Under Michigan law, a claim of fraud requires the plaintiff to prove: (1) that the defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intent that the plaintiff rely upon it; (5) that plaintiff relied upon it; and (6) that the plaintiff suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976). "'There is no fraud where means of knowledge are open to the plaintiff and the degree of their utilization is circumscribed in no respect by defendant.'" *Aron Alan, L.L.C. v. Tanfran, Inc.*, 240 F. App'x 678, 682 (6th Cir. 2007) (quoting *Webb v. First of Mich. Corp.*, 491 N.W.2d 851, 853 (Mich. Ct. App. 1992)).

I suggest that Plaintiffs have not alleged facts that could satisfy the elements of a fraud claim. Although Plaintiffs appear to contend that the letters that indicated their file was under review for a loan modification were false because Defendant was also pursuing foreclosure, I suggest that this conclusion is not warranted, let alone mandated. Defendant could truthfully indicate it was considering the file for a possible loan modification while simultaneously proceeding under the foreclosure remedy. *Smith v. BAC Home Loans Servicing*, LLP, 552 F. App'x 473 (6th Cir. 2014)(applying Tennessee law and holding that fraud claim should be dismissed where it was alleged that defendant pretended to offer the possibility of a loan modification while it simultaneously pursued foreclosure).[2] I therefore suggest that Defendant's motion to dismiss the fraud claims should be granted.[3]

---

[2]Even if there had been some alleged violation of the loan modification statute, Plaintiffs' remedy would have been "to seek the conversion of the foreclosure sale to a judicial foreclosure, prior to the sale" which was not done here. *England v. Mortgage Electronic Registration Sys.,* No. 13-10438, 2013 WL 1812194, at *5 (E.D. Mich. Apr. 30, 2013).

[3]I also note that "Plaintiff's fraud claims, which sound in tort, are precluded by the rule that prevents pursuing a tort remedy when the parties' relationship is governed by a contract." *Meyer v. Citimortgage, Inc.*, No. 11-13432, 2012 WL 511995, at *9 (E.D. Mich. Feb. 16, 2012) (citing *Sherman v. Sea Ray Boats, Inc.*, 649 N.W.2d

I further suggest that Plaintiffs' fraud claims should also be dismissed for failure to meet the special pleading requirements under Rule 9(b) of the Federal Rules of Civil Procedure. Under this rule, a plaintiff must: "(1) specify the statements that [they] contend [] were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008).

Plaintiffs' complaint does not meet the standard by simply referring to letters advising that their file was under review for a loan modification. (Doc. 1 at 14.) I therefore suggest that Rule 9(b) requires the grant of Defendant's motion to dismiss Plaintiffs' fraud claims. *Yousif v. Deutsche Bank Nat. Trust Co.*, No. 12-11387, 2013 WL 93319, at *4 (E.D. Mich. Jan. 8, 2013)(dismissing under Rule 9(b) where the plaintiff alleged the defendant had a fraudulent intent to mislead the plaintiff into believing her loan was being modified while simultaneously pursuing foreclosure proceedings).

**F.     Conclusion**

For the reasons stated above, I suggest that Defendant's motion to dismiss should be granted. I further recommend that since Plaintiffs' complaint fails to state a claim upon which relief can be granted, and because the claims stated against Defendant Green Tree are the same as those lodged against Defendant Bank, that Defendant Bank also be dismissed, despite the fact that it did not join in the motion. *Eriline Co., S.A. v. Johnson*, 440 F.3d 648, 655, n. 10 (4th Cir. 2006)("Where a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it."), citing 5A Charles Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990); *Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010)("While the district court did dismiss *sua sponte* some defendants who did not join in the

---

783 (Mich. Ct. App. 2002)).

11

motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants.").

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same

order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 5, 2014              /S PATRICIA T. MORRIS
                                Patricia T. Morris
                                United States Magistrate Judge


## CERTIFICATION

I hereby certify that this Notice was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record. A hard copy was served by first class mail on John A.M. Ferguson, Attorney at Law, P.O. Box 838, Elk Rapids, MI, 49629; and a hard copy was delivered to District Judge Ludington in the traditional manner.

Date: June 5, 2014              By    s/*Jean L. Broucek*
                                Case Manager to Magistrate Judge Morris